Charles W. Fawcett, ISB#1349
cfawcett@skinnerfawcett.com
Skinner Fawcett
515 South 6th Street, PO Box 700
Boise, ID 83701
Phone: (208) 345-2663
Facsimile: (208) 345-2668
Attorney for Defendant

U.S. COURTS

2005 SEP -9 PM 4: 18

REC'D_____FILED_____
CAMERON S. BURKE,
CLERK          IDAHO

# IN THE UNITED STATES DISTRICT COURT

## OF THE DISTRICT OF IDAHO

| | |
|---|---|
| GABRIEL FARIA, individually,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>PENTAGROUP FINANCIAL, L.L.C., a<br>Texas Limited Liability Company,<br><br>　　　　　　　Defendant. | Case No. CIV05-365-S-EJL<br><br>NOTICE OF REMOVAL |

Please take notice that defendant PENTAGROUP FINANCIAL, LLC, hereby removes this action from the District Court of the Fifth Judicial District of the State of Idaho for the County of Twin Falls to the United States District Court for the District of Idaho.

1. Defendant is a party in a civil action brought against it in the District Court for the Fifth Judicial District for the State of Idaho in and for the County of Twin Falls entitled: Gabriel Faria, individually, Plaintiff, v. Pentagroup Financial, L.L.C.., a Texas Limited Liability Company, Defendant, No. CV-05-2871." A copy of the

PAGE 1. NOTICE OF REMOVAL

Summons and Complaint in that action are attached to this notice and constitute all process, pleadings, and orders served on Defendant in that action up to the present date.

2. The state court action was commenced when the complaint was filed with the county clerk for Twin Falls County, Idaho on June 27, 2005. A copy of the Summons and Complaint was served on August 18, 2005. Defendant has filed no pleadings in this cause. This notice of removal is filed within 30 days after service of process.

3. This is an action of civil nature over which this court has original jurisdiction pursuant to 15 USC § 1692k in that it is a liability allegedly created under the Fair Debt Collection Practices Act, 15 USC § 1692 et seq.

4. This notice is signed pursuant to FRCP 11.

Dated: September 9, 2005

SKINNER FAWCETT

_____
Charles W. Fawcett, ISB#1349
Attorneys for Defendant

PAGE 2. NOTICE OF REMOVAL

Harry DeHaan
335 Blue Lakes Blvd. N.
Twin Falls, Idaho 83301
Telephone:   (208) 733-0731
Facsimile:   (208) 736-2029

Attorney for Plaintiff

## IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT

## OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | |
|---|---|
| GABRIEL FARIA, individually, ) | Case No.: CV-05-2871 |
| Plaintiff, ) | |
| v. ) | SUMMONS |
| PENTAGROUP FINANCIAL, LLC a ) Texas Limited Liability Company, ) | |
| Defendant. ) | |

NOTICE: YOU HAVE BEEN SUED BY THE ABOVE-NAMED PLAINTIFF. THE COURT MAY ENTER JUDGMENT AGAINST YOU WITHOUT FURTHER NOTICE UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.

TO:   PENTAGROUP FINANCIAL, LLC

YOU ARE HEREBY NOTIFIED that in order to defend this lawsuit, an appropriate written response must be filed with the above-designated Court within 20 days after service of this Summons on you. If you fail to so respond the court may enter judgment against you as demanded by the Plaintiff in the Complaint.

A copy of the Complaint is served with this Summons. If you wish to seek the advice of any attorney in this matter, you should do so promptly so that your written response, if any, may be filed in time and your legal rights protected.

SUMMONS                                                                                                      1

An appropriate written response requires compliance with Rule 10(a)(a) and *Idaho Rules of Civil Procedure* and shall also include:

1. The title and number of the case.

2. If your response is an Answer to the Complaint, it must contain admissions or denials of the separate allegations of the Complaint and other defenses you may claim.

3. Your signature, mailing address and telephone number, <u>or</u> the signature, mailing address and telephone number of your attorney.

4. Proof of mailing or delivery of a copy of your response to Plaintiffs' attorney, as designated above.

**To determine whether you must pay a filing fee with your response, contact the Clerk of the above-named Court.**

DATED this ___7___ day of July, 2005.

CLERK OF THE DISTRICT COURT

By: _(signature)_
Deputy Clerk

: TIMMONS                                                                                   2

Harry DeHaan (ISB# 2023)
335 Blue Lakes Blvd. North
Twin Falls, ID 83301
Tel: (208) 733-0731
Fax: (209) 736-2029

Attorney for Plaintiff

2005 JUN 27 PM 1:41

BY_____
　　　　　　　　　CLERK

_____ DEPUTY

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE STATE
OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | |
|---|---|
| GABRIEL FARIA, individually,<br><br>　　　　Plaintiff,<br><br>v.<br><br>PENTAGROUP FINANCIAL, LLC, a<br>Texas Limited Liability Company,<br><br>　　　　Defendant. | Case No.: CV-05-2871<br><br>COMPLAINT<br><br>BREACH OF CONTRACT<br>UNFAIR DEBT COLLECTION<br><br>JURY TRIAL DEMANDED |

Plaintiff complains and alleges against the Defendant for a cause of action as follows:

## PRELIMINARY STATEMENT

1. Plaintiff Gabriel Faria (hereinafter "Faria") was at all material times mentioned herein a resident of the City of Twin Falls, County of Twin Falls, State of Idaho.

2. Defendant Pentagroup Financial (hereinafter "Pentagroup") at all material times mentioned herein was doing business and entered into a settlement contract with Plaintiff Faria in the City of Twin Falls, County of Twin Falls, State of Idaho.

3. Plaintiff Faria became delinquent on certain loan payments to MBNA and

COMPLAINT　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　1

MBNA authorized Pentagroup to act as its agent and to begin a debt collection action on the debt. Pentagroup acted as a debt collection agency and engaged in interstate commerce in its debt collection efforts with regard to plaintiff.

4. Plaintiff and defendant entered into negotiations to resolve the payment of the outstanding loan amount.

5. On or about December 29, 2004, Plaintiff Faria, by and through his attorney Harry DeHaan and Defendant Pentagroup, by and through its authorized agent, Mike Gunderson, entered into a binding settlement agreement (hereinafter "Agreement") to fully compromise a debt.

6. The parties executed the binding settlement agreement within the County of Twin Falls, State of Idaho.

7. Plaintiff Faria agreed to pay Defendant Pentagroup the amount of Seven Thousand Six Hundred Fifty-Six dollars and Twenty-Five cents ($7,656.25) tendered by wire transfer to Defendant Pentagroup as full and final payment (hereinafter "full payment") of the debt.

8. Defendant Pentagroup agreed to accept the amount of Seven Thousand Six Hundred Fifty-Six dollars and Twenty-Five cents ($7,656.25) as full payment of the debt.

9. Defendant Pentagroup agreed to provide Plaintiff Faria with a duly executed release (hereinafter "Release") from the debt within thirty (30) days after Plaintiff Faria tendered the full payment by wire transfer to Defendant Pentagroup.

10. On or about December 31, 2004, Plaintiff Faria fully performed his duties under the terms of the Agreement when he duly tendered the full payment by wire transfer to Defendant Pentagroup.

11. On or about December 31, 2004, Defendant Pentagroup received and accepted Plaintiff Faria's tender of full payment.

12. To date, Defendant Pentagroup has refused to provide Plaintiff Faria with the Release as it is obligated under the terms of the Agreement.

13. To date, Defendant Pentagroup continues to attempt to collect on amounts Pentagroup improperly alleges are still due, even though Plaintiff Faria has fully performed his obligations under the Agreement.

14. Defendant Pentagroup has and continues to willfully and wrongfully refuse to honor its obligations under the terms of the Agreement.

15. As a direct and proximate cause of the actions of defendant Pentagroup, plaintiff has suffered pecuniary injury.

16. Plaintiff has been required to retain the services of an attorney, to wit: Harry DeHaan, and have incurred attorney fees and costs of suit. Pursuant to Idaho Code §12-120 and §12-121, and Idaho Rules of Civil Procedure 54(d)(1) and 54(e)(1), Plaintiff Faria is entitled to an award of attorney fees and costs incurred herein.

## COUNT ONE

### Breach of Contract

### Breach of Good Faith and Fair Dealing

17. Plaintiff Faria hereby restates and incorporates by reference the allegations in paragraphs 1 through 18 as though fully set forth herein.

18. Plaintiff Faria negotiated in good faith and reasonably believed he reached a binding agreement with defendant Pentagroup.

19. Plaintiff Faria fully and timely performed his obligations under the terms

of the agreement.

20. Defendant Pentagroup has and continues to wrongfully and willfully refuse to perform its obligations under the terms of the Agreement by refusing to provide a valid, executed Release to Plaintiff Faria.

21. Defendant Pentagroup failed to negotiate in good faith with Plaintiff Faria.

22. As a direct and proximate cause of Defendant Pentagroup's actions, plaintiff Faria has and continues to suffer pecuniary and other loss.

## COUNT TWO

### Unfair Debt Collection Practice

### 15 U.S.C. § 1692, et seq.

23. Plaintiff Faria hereby restates and incorporates by reference the allegations in paragraphs 1 through 18 as though fully set forth herein.

24. Defendant Pentagroup is a debt collector within the meaning of 15 U.S.C. §1692a(6).

25. Defendant had a duty to discontinue debt collection activities after it received full payment from Plaintiff Faria.

26. Defendant willfully failed to discontinue its improper debt collection activities to the detriment of plaintiff Faria.

26. As a direct and proximate cause of Defendant Pentagroup's actions, plaintiff Faria has and continues to suffer pecuniary and other loss.

## COUNT THREE

### Unfair Trade Practice

27. Plaintiff Faria hereby restates and incorporates by reference the allegations

COMPLAINT                                                                                              4

in paragraphs 1 through 18 as though fully set forth herein.

28. Defendant Pentagroup is in the debt collection business and subject to the rules and regulations governing debt collection practices.

29. Defendant Pentagroup engaged in unfair and deceptive business practices when it refused to honor the terms of the Agreement with Plaintiff Faria.

30. As a direct and proximate cause of Defendant Pentagroup's actions, plaintiff Faria has and continues to suffer pecuniary and other loss.

## COUNT FOUR

### Idaho Collection Agency Act

### *I.R.C. §26-2229A- Requirement of Fair, Open and Honest Dealing*

31. Plaintiff Faria hereby restates and incorporates by reference the allegations in paragraphs 1 through 18 as though fully set forth herein.

32. Defendant Pentagroup is in the debt collection business and subject to the rules and regulations governing debt collection practices.

33. Defendant Pentagroup violated its duty of fair, open and honest dealing with Plaintiff Faria when it when failed to negotiate in good faith, failed to disclose it did not intend to honor the Agreement as a final settlement and failed to perform its obligations under the terms of the Agreement with Plaintiff Faria.

34. As a direct and proximate cause of Defendant Pentagroup's actions, plaintiff Faria has and continues to suffer pecuniary and other loss.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in favor of Plaintiff and against Defendant as follows:

COMPLAINT

5

1. For plaintiff's damages in an amount to be proven at trial;
2. For Plaintiffs' reasonable attorney fees and costs;
3. For punitive damages in an amount to be determined at trial;
4. For a trial by jury; and
5. For any such other relief as the Court deems just and proper.

DATED this ____ day of June, 2005.

Harry DeHaan, ISB# 2023
Attorney for Plaintiff

COMPLAINT

6