## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

**GABRIEL FARIA,**

                Plaintiff,

vs.

**PENTAGROUP FINANCIAL, LLC.,**

                Defendant.

Case No. **CV05-365-S-EJL**

**MEMORANDUM ORDER**

Pending before the Court in the above entitled matter is Plaintiff's motion to dismiss and motion to remand.  Defendant has responded to the motion and the time for any reply has expired.  The motion is now ripe for the Court's review.  Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record.  Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument.  Local Rule 7.1(d)(2).

### Discussion

Plaintiff initiated this cause of action in state court on June 27, 2005 which was served upon the Defendant on August 18, 2005.  The complaint raises causes of action for breach of contract, violation of the Fair Debt Collection Practices Act ("FDCPA"), unfair trade practice, and the Idaho Collection Agency Act.  Defendant then removed the action to this Court asserting original jurisdiction exists as a result of Plaintiff's federal

Memorandum Order - Page 1

claim pursuant to the FDCPA.  Defendant also filed an answer and counterclaim for attorney fees.  (Dkt. No. 5).  Subsequently, Plaintiff filed the instant motion seeking to dismiss the federal claim under the FDCPA thus leaving only state law claims and, therefore, making remand appropriate.  (Dkt. No. 8).  In response the Defendant states it "has no objection to plaintiff dismissing its claim against defendant under the [FDCPA]" but that it opposes dismissal and remand of the action due to the fact that a federal question remains as to Defendant's counterclaim for attorney fees under the FDCPA. (Dkt. No. 9).

Although Plaintiff's motion does not cite a basis for dismissal, voluntary dismissals are generally governed by Rule 41.  However, Rule 41(a)(1) "does not allow for piecemeal dismissals. Instead, withdrawals of individual claims against a given defendant are governed by Fed. R. Civ. P. 15, which addresses amendments to pleadings." Hells Canyon Preservation Council v. United States Forest Service, 403 F.3d 683, 688 (9th Cir. 2005) (citation omitted). "[A] plaintiff may not use Rule 41(a)(1)(I) to dismiss, unilaterally, a single claim from a multi-claim complaint" instead, "Federal Rule of Civil Procedure 15(a) is the appropriate mechanism '[w]here a plaintiff desires to eliminate an issue, or one or more but less than all of several claims, but without dismissing as to any of the defendants.'" Id. (citations omitted); also citing Gen. Signal Corp. v. MCI Telecomms. Corp., 66 F.3d 1500, 1513(9th Cir.1995) ("[W]e have held that Rule 15, not Rule 41, governs the situation when a party dismisses some, but not all, of its claims."). Because Plaintiff here seeks to dismiss only one of his claims, the Court will treat the motion as a motion to amend the complaint.

Rule 15(a) applies to motions to amend and states:

A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to

Memorandum Order - Page 2

which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Fed. R. Civ. P. 15(a). In this case the Defendant has filed an answer in this case and, therefore, Plaintiff may amend their pleading only by leave of the Court. The Ninth Circuit has "held that leave to amend, although within the discretion of the trial court, 'should be guided by the underlying purpose of Rule 15(a) ... which was to facilitate decisions on the merits, rather than on technicalities or pleadings.'" In re Morris, 363 F.3d 891, 894 (9th Cir. 2004) (citation omitted). "A district court may, however, take into consideration such factors as 'bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings.'" Id. (citation omitted).

Plaintiff here seeks to eliminate its sole federal claim made pursuant to the FDCPA. The purpose of this request appears to be to avoid Federal jurisdiction and possibly because the claim lacks merit. Defendant does not oppose the removal of this claim. Therefore, the Court will grant the Plaintiff's request and allow the complaint to be amended whereby the FDCPA claim is removed from the complaint. The Defendant does, however, object to the motion to remand based upon its counter-claim for attorney fees made pursuant to FDCPA.

In reviewing the motion to remand the Court must determine whether jurisdiction exists in this Court. In making this determination the Court notes that any "federal question defendants raise in their counterclaims does not provide a basis for removal." Takeda v. Northwestern Nat. Life Ins. Co., 765 F.2d 815, 822 (9th Cir.1985). Thus, the Court must look to the Plaintiff's complaint and concludes it is without objection there

exists no basis upon which federal jurisdiction can be found. Neither diversity jurisdiction nor federal question jurisdiction arise from Plaintiff's complaint absent the FDCPA claim. <u>See</u> 28 U.S.C. §§ 1331, 1332, 1441. Therefore, the Court grants the motion to remand the action to state court.

## ORDER

Based on the foregoing and being fully advised in the premises, the Court **GRANTS** Plaintiff's Motion (Dkt. No. 8). The Clerk of the Court is directed to remand the action to the Fifth Judicial District of the State of Idaho, in and for the County of Twin Falls.

DATED: **November 22, 2005**

Honorable Edward J. Lodge
U. S. District Judge